UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD LIONEL DYSON, | ) | CASE NO. C05-1500-MJP |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| REED HOLTGEERT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Richard Lionel Dyson is currently in the custody of the King County Jail. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he seeks to challenge his pending extradition to the State of Louisiana on the grounds that the Louisiana warrant which was used to arrest him was invalid. Respondent has filed an answer to the petition in which he argues that petitioner is not entitled to relief in this matter because his detention pursuant to a valid Washington State governor's warrant is proper, and because petitioner has not exhausted his state court remedies. The Court, having reviewed the petition, respondent's answer thereto, and the balance of the record, concludes that petitioner's petition should be dismissed for

REPORT AND RECOMMENDATION
PAGE -1

failure to exhaust state remedies.

## BACKGROUND

Respondent has not provided this Court with any documentation from petitioner's state court record to support his answer. Instead, counsel for respondent has submitted an unsworn declaration in which she sets forth the relevant facts. Because petitioner has not contested the facts set forth by respondent's counsel, the Court adopts those facts for purposes of this review.

Petitioner was convicted in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana of the crimes of felony theft, identity theft, and monetary instrument abuse. (Dkt. No. 10 at 2.) Petitioner failed to appear for his sentencing hearing on April 30, 2003, and the East Baton Rouge court issued a no-bail bench warrant. (*Id.*) On January 26, 2004, petitioner was arrested in King County on suspicion of being a fugitive from justice. (*Id.*) The King County Prosecutor's Office filed a fugitive complaint, but the complaint was dismissed on April 21, 2004, because no governor's warrant had been issued. (*Id.*)

On January 22, 2005, petitioner was arrested in King County on an extradition matter involving the State of Nevada, and on additional Washington felony warrants. (*Id.*) At that time, petitioner was once again booked on suspicion of being a fugitive from justice based on the Louisiana bench warrant. (*Id.*) Petitioner was released on the Louisiana fugitive matter a few days later, but remained in custody on other matters. (*Id.*)

On February 15, 2005, the Governor of the State of Louisiana sent an extradition request to Washington Governor Christine Gregoire. (*Id.*) On March 11, 2005, Governor Gregoire issued a warrant for petitioner's arrest and extradition. (*Id.*) The governor's warrant was served on petitioner on March 24, 2005, by the King County Sheriff's Office, and petitioner was taken

REPORT AND RECOMMENDATION
PAGE -2

into custody. (Dkt. No. at 3.)

On June 24, 2005, petitioner filed a habeas corpus petition in the King County Superior Court which apparently presented a challenge to his extradition on the grounds that the out of state warrant pursuant to which he was arrested was invalid because he had been arrested pursuant to the same warrant on previous occasions. (*See id.* and Dkt. No. 1 at 2.) On June 28, 2005, the King County Superior Court denied petitioner's petition, but stayed petitioner's extradition pending resolution of his appeal of the issue to the Washington Court of Appeals. (Dkt. No. 10 at 3.) On September 8, 2005, the Washington Supreme Court appointed counsel to represent petitioner on appeal, and that appeal remains pending. (*Id.*)

On October 7, 2005, upon stipulation of the King County Prosecutor's Office, petitioner was released into the custody of Snohomish County so that Snohomish County felony charges could be addressed during the pendency of petitioner's appeal. (*Id.*) It appears from the record that petitioner is now back in the custody of King County. (*See* Dkt. No. 13.)

DISCUSSION

Respondent argues in his response to petitioner's federal habeas petition that petitioner's current detention is proper under the laws and Constitution of the United States, and that the petition is premature because petitioner's challenge to his extradition is still pending in the Washington Court of Appeals. This Court concurs that the instant federal habeas petition is premature. However, before the Court reaches that issue, the Court must first address a preliminary matter not raised by respondent.

Petitioner filed his federal habeas petition under 28 U.S.C. § 2254. Section 2254 states that this Court has jurisdiction to consider "an application for a writ of habeas corpus on behalf

REPORT AND RECOMMENDATION
PAGE -3

of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner is not in custody pursuant to a state court judgment at this juncture, nor is he seeking to challenge a state court judgment in these proceedings. It thus appears that jurisdiction is not proper under § 2254, and that petitioner's federal habeas petition is more properly construed as one brought under 28 U.S.C. § 2241.

Respondent argues that the instant petition should be dismissed because petitioner has not exhausted his state court remedies in accordance with § 2254(b) and (c). If the instant petition were properly construed as one brought under § 2254, the exhaustion provisions of § 2254 would, in fact, preclude this Court from granting petitioner any relief until he had properly exhausted his federal habeas claim in the state courts.

Section 2241, in contrast to § 2254, does not expressly require a petitioner to exhaust state court remedies before pursuing a writ of habeas corpus in federal court. However, principles of comity and federalism require that federal courts not entertain habeas challenges to ongoing state court proceedings unless the petitioner can show that he has exhausted available state avenues for raising his federal claims, and that "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Petitioner makes no showing that he has either exhausted available state court remedies with respect to his federal habeas claim or that "special circumstances" warrant this Court's intervention in his ongoing state court proceedings. Thus, this Court declines to consider the merits of petitioner's claim for federal habeas relief.

/ / /

REPORT AND RECOMMENDATION
PAGE -4

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas and this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DATED this <u>1st</u> day of <u>February</u>, 2006.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge